IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

PATRICIA ANN NOACK,                              CIVIL DIVISION

    Plaintiff,                                     CASE NO.:

v.

TARGET CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, PATRICIA ANN NOACK, by and through the undersigned counsel, hereby sues the Defendant, TARGET CORPORATION, and alleges:

### Jurisdiction

1. This is an action for damages, which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

### Venue

2. Venue is proper in Polk County in that all of the acts complained of herein occurred in Polk County, Florida.

### Parties

3. At all times material hereto, the Plaintiff, PATRICIA ANN NOACK (hereinafter referred to as "Plaintiff"), was and is a resident of Polk County, Florida, and is otherwise sui juris.

4. At all times material hereto, the Defendant, TARGET CORPORATION (hereinafter referred to as "Defendant"), was and is authorized to do business in the State of Florida and doing business in Polk County, Florida.

# Exhibit 1

## General Allegations

5. At all times material hereto, and specifically on December 15, 2018, Defendant owned, managed, controlled, operated, and/or maintained a store located at 5000 Grandview Parkway Davenport, FL 33837, in Polk County.

6. On or about December 15, 2018, Plaintiff was a business invitee on the Defendant's said premises.

7. While on Defendant's said premises, Plaintiff tripped over a large uneven gap in the cement pavement of the sidewalk, causing her to fall and sustain injuries as a result.

## Negligence Against Defendant

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 7 as if fully set forth herein.

8. Defendant owed a duty to Plaintiff and all other business invitees to maintain said premises in a reasonable safe condition.

9. Defendant, breached its non-delegable duty owed to Plaintiff by engaging in the following acts of commission or omission:

   a. Negligently failing to maintain or adequately maintain the cement pavement and sidewalks of the premises in a reasonably safe condition, to wit, allowing excessive gaps in the cement flooring and uneven surfaces;

   b. Negligently failing to mark or adequately mark large gaps in the walking surfaces of the premises to alert customers, such as the Plaintiff, of the dangerous condition that existed at the time of Plaintiff's incident;

c. Negligently failing to place barricades or other marking devices utilized to alert customers, such as the Plaintiff, of the dangerous condition that existed at the time of Plaintiff's incident;

d. Negligently failing to inspect or adequately inspect the cement pavement and sidewalks of the premises, to ascertain whether the dangerous condition existed at the time of Plaintiff's incident;

e. Negligently failing to warn or adequately warn of the dangerous condition when Defendant knew or should have known of its existence;

f. Negligently failing to remove or fix said excessive gap and uneven surface from the floor of the premises;

g. Negligently failing to correct or adequately correct the dangerous condition when Defendant knew or should have known of its existence;

h. Negligently failing to take actions to reduce, minimize, or eliminate foreseeable risks before they manifested themselves as particular dangerous conditions on the premises;

i. Negligently failing to act reasonably under the circumstances.

10. The specific manner in which Plaintiff was injured was foreseeable to Defendant and Defendant knew or should have known the specific risks of harm to Plaintiff as a result of Defendant's negligence.

11. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury and resulting physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or

permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of sais injuries. The injuries to Plaintiff are either permanent or continuing in nature and Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, the Plaintiff respectfully demands judgment against the Defendant for damages, costs, and interest, if or when applicable, and all other relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as a matter of right.

Dated: August 24, 2020

RUBENSTEIN LAW, P.A.
Attorneys for Plaintiff
9130 S. Dadeland Blvd., Suite PH
Miami, FL 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: sreid@rubensteinlaw.com
  jperez@rubensteinlaw.com
  eservice@rubensteinlaw.com

By: /s/ Samantha Reid
  SAMANTHA REID
  Florida Bar No.: 120129